
Andrew D. Weiss SBN 121149
**LAW OFFICES OF ANDREW D. WEISS**
26459 Rancho Parkway South
Lake Forest, CA 92630
Tel: (949) 360-9478
Fax: (949) 360-0302
Email: oclawadw@aol.com
Attorney for Defendants
T.M.B.H. Smoke Shop and
Roma Bridge, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ABACUC HERAS, an individual, | Case No. SACV18-01555 KES |
| Plaintiff, | |
| v. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| T.M.B.H. SMOKE SHOP, a business of unknown form; ROMA BRIDGE, LLC, a California Limited Liability Company; and DOES 1-10, inclusive, | |
| Defendants. | |

   Defendants T.M.B.H. Smoke Shop and Roma Bridge, LLC answer the Complaint as follows: Defendants deny each and every allegation in the Complaint except those specifically admitted in this Answer.

   1.   Defendants deny the allegations in paragraph 1 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

   2.   Defendants deny the allegations in paragraph 2 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit the allegations in paragraph 4.

5. Defendants admit T.M.B.H. Smoke Shop operated a business at the Property, and deny the remaining allegations in paragraph 5.

6. Defendants admit T.M.B.H. Smoke Shop operates a business at the Property, and deny the remaining allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

8. Defendants admit the allegations in paragraph 8.

9. Defendants deny the allegations in paragraph 9 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

10. Defendants admit the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

23. Defendants deny Plaintiff is being deterred from patronizing the Business and deny the remainder of the allegations in paragraph 23 on the basis that these answering Defendants lack information and belief upon the allegations sufficient to enable them to answer.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the violations exist at the Property and deny the remaining allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28.

**ANSWER TO PURPORTED FIRST CAUSE OF ACTION**

29. Defendants incorporate by this reference paragraphs 1 through 28, inclusive, of this Answer.

30. Defendants deny the statutes purportedly quoted in paragraph 30 are accurate, full and complete quotations or summaries of the cited statutes.

31. Defendants deny the allegations in paragraph 31 are accurate, full and complete quotations or summaries of the cited standards and deny the remaining allegations of paragraph 31.

32. Defendants deny the regulation purportedly quoted or summarized in paragraph 32 is an accurate, full and complete quotation or summary of the cited statutes.

33. Defendants deny the allegations in paragraph 33.

34. Defendants deny the allegations in paragraph 34.

**ANSWER TO PURPORTED SECOND CAUSE OF ACTION**

35. Defendants incorporate by this reference paragraphs 1 through 34, inclusive, of this Answer.

36. Defendants deny the Code purportedly quoted or summarized in paragraph 36 is accurately quoted or summarized and deny the remaining allegations of the paragraph.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38.

**FIRST AFFIRMATIVE DEFENSE**
**TO EACH PURPORTED CAUSE OF ACTION**:
**(Failure to State a Cause of Action)**

39. The answering Defendants allege that the Plaintiff fails to state facts sufficient to constitute a cause of action.

**SECOND AFFIRMATIVE DEFENSE**
**TO EACH PURPORTED CAUSE OF ACTION**:
**(Waiver)**

40. Without admitting any of the allegations of the Complaint, and solely for the purpose of making this affirmative defense, the answering Defendants allege that Plaintiff waived some or all of his alleged damages.

**THIRD AFFIRMATIVE DEFENSE**
**TO EACH PURPORTED CAUSE OF ACTION:**
**(Estoppel)**

41. Without admitting any of the allegations of the Complaint, and solely for the purpose of making this affirmative defense, the answering Defendants allege that, at all relevant times, Plaintiff's own conduct and/or that of persons and entities for whose conduct Plaintiff is vicariously and legally responsible, was such as to estop Plaintiff from seeking the relief prayed for in the Complaint against the Defendants.

# FOURTH AFFIRMATIVE DEFENSE
# TO EACH PURPORTED CAUSE OF ACTION:
### (Failure to Mitigate)

42. Without admitting any of the allegations of the Complaint, and solely for the purpose of making this affirmative defense, the answering Defendants allege that, at all times relevant herein, Plaintiff failed to take reasonable actions to mitigate his damages.

# FIFTH AFFIRMATIVE DEFENSE
# TO EACH PURPORTED CAUSE OF ACTION:
### (Unclean Hands)

43. Without admitting any of the allegations of the Complaint, and solely for the purpose of making this affirmative defense, the answering Defendants allege that at all relevant times Plaintiff's own conduct and/or that of persons and entities for whose conduct Plaintiff is vicariously and legally responsible, was such as to preclude Plaintiff from seeking the relief prayed for in the Complaint against the answering Defendants under the doctrine of unclean hands.

WHEREFORE, Defendants pray for judgment on the Complaint as follows:

1. That Plaintiff take nothing by his Complaint;
2. For costs of suit incurred herein; and,
3. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF ANDREW D. WEISS

Date: October 31, 2018

By: _s/ Andrew D. Weiss_
Andrew D. Weiss
Attorney for Defendants T.M.B.H. Smoke Shop and Roma Bridge, LLC

5

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this District Court proceeding. My business address is: 26459 Rancho Parkway South, Lake Forest, CA  92630.

A true and correct copy of the foregoing document entitled **ANSWSER TO FIRST AMENDED COMPLAINT** will be served or was served **(a)** on the judge in chambers in the form and manner required by L.R. 5-4 in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and L.R 5-3.3, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 31, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person is on the Electronic Mail Notice List to receive NEF transmission at the email address stated below:

Joseph R. Manning, Jr., Michael J. Manning, Craig G. Côté,
ADAPracticeGroup@manninglawoffice.com

                                                                                          __ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **October 31, 2018**, I served the following persons and/or entities at the last known addresses in this case by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

                                                                                          __ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 (d)(3) and/or controlling L.R. 5-4, on **October 31, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Honorable Karen E. Scott, United States District Court, Central District of California, 6th Floor Drop Box, 411 West 4th Street, Santa Ana, CA 92701-4516

                                                                                          __ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 31, 2018 | Linda S. Gordon | s/ Linda S. Gordon |
|---|---|---|
| Date | Printed Name | Signature |